## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION, AT KNOXVILLE

| | | |
|---|---|---|
| LARRY WAITMAN AND ROBIN WAITMAN, Individually and on behalf of similarly situated employees, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: |
| SMOKY MOUNTAIN CHILDREN'S HOME, | ) ) | FLSA COLLECTIVE ACTION |
| Defendant. | ) ) ) | |

## COMPLAINT

Come now the Plaintiffs, Larry Waitman and Robin Waitman, by and through counsel, and sue Defendant Smoky Mountain Children's Home ("SMCH") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.     The Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over Plaintiffs, who are citizens and residents of Sevier County, Tennessee, and Defendant who is a Tennessee non-profit corporation with its principal place of business located in Sevierville, Tennessee.

3.     Venue lies in the Eastern District of Tennessee pursuant to 28 U.S.C § 1391.

4.     Plaintiffs are former employees of Defendant and are covered employees under the FLSA.

5.     Defendant is engaged in interstate commerce, is a commercial enterprise, and is a covered employer under the FLSA.

1

6.      In addition to the Plaintiffs named herein, Defendant employs and has employed within the last three years additional similarly situated employees who are also covered employees under the FLSA.

7.      Plaintiffs bring this claim individually and as part of a collective action under the FLSA for unpaid wages—including minimum and overtime wages—liquidated damages, post-judgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. §§ 207 and 216(b).

### FACTUAL BASIS

8.      Defendant's business is to care for children and teenagers who reside at its facilities because of emotional, behavioral, and/or legal difficulties. It receives funding from private and public sources, including the State of Tennessee.

9.      While working for Defendant Plaintiffs held the title of "relief house parent." Their work assignments were to be present in a house where the children resided and to attend to the routine needs of the children, such as washing their clothes, cooking meals, driving them to medical appointments, assisting with homework, assigning chores, correcting undesirable behavior, and providing general supervision.

10.     Due to the nature of their job duties, Plaintiffs were not able to pursue private pursuits during their work shift except on rare and irregular occasions.  They even ate their meals in the context of supervising the children's meal time.

11.     The house to which Plaintiffs were assigned is owned and managed by Defendant, and the children who reside there do so only while receiving the services Defendant provides as part of its business mission.  Defendant makes the children's residential living assignments based on, among other factors, their age, gender, and treatment needs.

12.     Each Plaintiff usually worked a defined work schedule of eight (8) days on, four (4) days off.  When their workdays fell during the traditional Monday-through-Friday

2

workweek, Plaintiffs worked 6:30 a.m. to 10:30 p.m.  On Saturdays and Sundays, Plaintiffs'

work shifts were usually 8:00 a.m. to 10:30 p.m.  Defendant, however, failed to keep accurate

records reflecting the amount of hours Plaintiffs worked.

13.     Plaintiffs did not reside overnight at Defendant's facility.

14.     Defendant compensated Mr. Waitman on an annual salary basis of $18,500.00,

which increased to $19,000.00 after he completed ninety days of employment.  Defendant paid

Ms. Waitman an annual salary of $18,500.00, which increased to $19,000.00 after she

completed ninety days of employment, and which increased again to $19,500.00 after she

completed one year of service to Defendant.  Defendant paid these wages in equal monthly

installments regardless of the number of hours Plaintiffs worked in a single workweek.

15.     Based on this rotation Plaintiffs worked an average of approximately 71.5 hours

per week for which they received wages in the approximate amount of $365.  Accordingly,

Plaintiffs' effective hourly rate while at the $19,000.00 salary level was approximately $5.10.

16.     Plaintiffs' work schedule, job duties, pay structure, employment expectations,

and chain of command were essentially identical to other house parents Defendant employed.

### CAUSES OF ACTION

17.     The averments of paragraphs 8 through 16 are incorporated into this section by

reference.

18.     Pursuant to the FLSA, "every employer shall pay to each of his employees . . . not

less than the minimum wage rate" as established by Congress.  29 U.S.C. § 206(b).  Additionally,

the employer must compensate his employees for overtime work "at a rate not less than one

and one-half times the regular rate at which the employee is actually employed" during the first

forty (40) hours of work.  29 C.F.R. § 778.107.

19.     Defendant required Plaintiffs and other house parents, as non-exempt employees, to work a substantial number of hours without paying them at least the minimum wage or the overtime premium.

20.     Based on the house parents' (including Plaintiffs') job duties, hours worked, the type of business in which Defendant is engaged, Defendant's failure to maintain accurate time records, and Defendant's failure to pay the statutory minimum for salaried employees, Defendant knew or recklessly disregarded the fact that they, as non-exempt employees, were/are entitled to receive at least the minimum wage for all hours worked, plus overtime pay for all hours worked over forty in a single workweek.

21.     Defendant's intentional failure to pay the minimum wages and overtime compensation to which Plaintiffs are entitled are willful violations of the FLSA.

## DAMAGES

22.     As a direct, proximate, and exclusive result of Defendant's violations of the FLSA, Plaintiffs have experienced substantial monetary losses and damages, including lost wages, attorney fees, and costs.

## COLLECTIVE ACTION CLAIMS

23.     Numerous current and former employees are similarly situated to the plaintiffs in that they performed the same non-exempt job duties, had the same general job title, were paid on a salary basis regardless of the number of hours actually worked, were denied at least minimum wages for all hours worked, and were denied overtime pay for all hours worked in a single workweek.

24.     Plaintiffs are representatives of those other current and former employees and are acting on behalf of the other employees' interests as well as their own interests in bringing

4

this action. Those similarly situated employees are known to Defendant, are readily identifiable, and may be located through use of Defendant's records.

25.    Plaintiffs have consented in writing to proceed collectively in this action, and their written consent forms are attached hereto as **Appendix A**.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Larry Waitman and Robin Waitman, on behalf of themselves and other similarly situated employees, pray for the following relief:

26.    Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former house parents who performed work for Defendant in this capacity during the three (3) years immediately preceding the filing of this action, to inform them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit.

27.    A judgment that Defendant has violated the minimum wage and overtime provisions of the FLSA as to Plaintiffs and those similarly situated persons who opt in to this action;

28.    A judgment that Defendant's violations of the FLSA were willful;

29.    An award to Plaintiffs and other opt-in parties of damages in the amount of unpaid wages and overtime compensation to be proven at trial;

30.    An award to Plaintiffs and other opt-in parties of post-judgment interest and liquidated damages in an amount equal to the minimum wages and overtime compensation shown to be owed them pursuant to 29 U.S.C. § 216(b);

31.    An award to Plaintiffs and other opt-in parties of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

32.     An award of such other and further legal and equitable relief as may be appropriate under the facts of this case.

RESPECTFULLY SUBMITTED,

_s/ Jesse D. Nelson_
JESSE D. NELSON (BPR # 025602)
LAW OFFICE OF JESSE D. NELSON, PLLC
*Attorney for Plaintiffs*
9724 Kingston Pike, Suite 104
Knoxville, TN 37922
(865) 383-1053
jesse@jessenelsonlaw.com

6