UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY WAITMAN and ROBIN WAITMAN, Individually and on behalf of similarly situated employees, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:14-cv-234-TAV-HBG ) |
| SMOKY MOUNTAIN CHILDREN'S HOME, | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral from Chief District Judge Varlan [Doc. 20].

Now before the Court is Plaintiffs' Motion for Conditional Certification, Expedited Discovery, and Court Authorized Notice [Doc. 17] and Defendant's response in opposition [Doc.22]. The parties have presented oral arguments to the Court. The Plaintiffs' motion is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

In their Complaint, Plaintiffs allege that the Defendants have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 205 *et seq.*, by failing to compensate them and other similarly-situated employees for all hours worked. The Defendants deny liability.

This case was filed on June 2, 2014. Plaintiffs filed an Amended Complaint on September 4, 2014 [Doc. 15]. This case has not yet been set for trial.

II.  POSITION OF THE PARTIES

Plaintiffs allege that Defendant is engaged in interstate commerce, is a commercial enterprise, and is a covered employer under the FLSA. Plaintiffs allege to be former employees of Defendant and are covered employees under the FLSA. The Plaintiffs maintain that Defendants have denied and continue to deny Plaintiffs and other similarly situated persons the right to payment of minimum wage, the right to fair compensation for all time worked, and the right to overtime pay in violation of the FLSA.

In the instant motion, Plaintiffs move the Court to: (1) conditionally certify a putative class of opt-in plaintiffs, (2) require Defendant through expedited discovery to provide information that is necessary to facilitate the collective pursuit of all Plaintiffs' claims, and (3) authorize Plaintiffs' counsel to notify putative class members of their right to collectively adjudicate their similar claims against Defendant. The Plaintiffs propose that the collective action be composed of all current and former employees of Smoky Mountain Children's Home who at any time from June 2, 2011 to the present held the title of "Lead House Parent," "Relief House Parent," or "Direct Care Staff."

Plaintiffs acknowledge that they must demonstrate that the members of the collective action are similarly situated. Plaintiffs maintain that this similarity requirement can be met by only a modest factual showing that the plaintiff and class members are connected via a common policy or plan of the employer's that violated the law. See, Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 547 (6th Cir. 2006). The Plaintiffs have asserted allegations in their Complaint, and

through sworn Declarations, that there are other employees who performed similar job duties as they and who were subject to Defendant's illegal policy of classifying them as exempt from receiving the minimum wage and overtime premium. The Plaintiffs maintain that by working closely with other house parents, attending company-wide meetings, and helping each other with their job duties, Plaintiffs have personal knowledge that their coworkers' job duties, hours of work, and pay structure were all essentially identical to theirs. Plaintiffs' argue that their coworkers are similarly situated in that Defendant classified them as minimum wage- and overtime-exempt despite the fact that they all performed nearly identical primarily non-exempt tasks.

Understanding at the preliminary certification stage that Plaintiffs' burden in establishing that they are similarly-situated to the proposed class is fairly lenient, Defendant maintains that it does not oppose Plaintiffs' efforts to preliminarily certify either (1) lead house parents, or (2) relief house parents. Defendant opposes inclusion in the putative class any direct care staff claiming that the Plaintiffs' Amended Complaint filed on September 4, 2014, makes no mention of direct care staff. Defendant further objects to Plaintiffs' request for the last known email address and last known phone numbers, including cell phone numbers, be produced to the Plaintiffs. Defendant maintains that they should be required to provide only the proposed opt-in Plaintiffs' full name, last known mailing address, and dates of employment with Defendant, from June 2, 2011 to present. With regard to the Plaintiffs' proposed notice of lawsuit, the Defendant poses various objections to: any reference to direct care staff, language used to set forth Defendant's legal position, the length of the opt-in period, and unnecessary legalese.

## III. ANALYSIS

The FLSA directs that an employee or employees may bring an action "against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

A collective action furthers several important policy goals. First, the collective action "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Id.

A plaintiff alleging an FLSA violation can bring a collective action for similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." Comer, 454 F.3d at 546 (citations omitted). An FLSA representative action is called a collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed under Rule 23. See id.

In an FLSA action, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Hoffmann-La Roche, 493 U.S. at 169. Typically, courts have utilized a two-phase process in determining whether the proposed plaintiffs are similarly situated. The first phase takes place at the beginning of

4

discovery, and the second phase occurs after opt-in forms have been disbursed and returned and discovery has been completed. See Comer, 454 F.3d at 547.

**A.      Conditional Certification of Putative Opt-In Plaintiffs**

The instant case is at the first stage of certifying a representative class. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011). During the first stage, the standard for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify." See Comer, 454 F.3d at 547. Nonetheless, "lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 584 (6th Cir. 2009).

>   The Court of Appeals for the Sixth Circuit has explained this standard by stating:

>   > The Fair Labor Standards Act does not define "similarly situated," and neither has this court. However, district courts have based their final-certification decisions on a variety of factors, including the "factual and employment settings of the individual[] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." The lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs. Showing a "unified policy" of violations is not required, though.

Id. at 584 (internal citations removed). Consistent with this standard, plaintiffs may be deemed "similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id. at 585.

In this case, the Court finds that Plaintiffs have fulfilled their burden by demonstrating that the claims of the Plaintiffs and the potential opt-in plaintiffs are unified by common theories

5

of Defendant's statutory violations. The Court finds that the Plaintiffs' proofs and the potential opt-in plaintiffs proofs will be somewhat individualized depending on the location at which they worked. However, the Court finds that this degree of individualization does not defeat the showing of substantial similarity at this stage.

In making this determination, the undersigned relies upon the Declaration of Larry Waitman [Doc.18-1], including his descriptions of the duties as a relief house parent while working for Defendant and Mr. Waitman's statement that "The job duties of regular house parents and relief house parents are essentially identical." [Id. at ¶ 6]. The Court has also considered the Declaration of Robin Waitman [Doc. 18-1]. Specifically, Ms. Waitman's statement regarding similar, if not identical, job duties of potential opt-in plaintiffs through her observations of and assistance with the duties they performed, their mutual participation in company meetings and training, and general interaction with each other... [Id. at ¶ 11]. Ms. Waitman states, "The direct care staff members have essentially the same duties as do lead/relief house parents in the step down cottages. They are also paid a set sum each week regardless of the number of hours worked, and they do not receive overtime pay when working more than forty hours." [Id. at ¶ 7]. In consideration of Defendant's response in opposition, the Court finds that Defendant does not undercut Plaintiffs' proof at this stage so as to preclude certification of a collective action.

Accordingly, the Court finds that the Plaintiffs have made the requisite, modest factual showing that the Plaintiffs and potential opt-in plaintiffs are similarly situated to the other employees they seek to notify. Therefore, the undersigned will recommend that the request for conditional certification be **GRANTED** for a collective action of current and former employees

of Smoky Mountain Children's Home who at any time from June 2, 2011 to the present held the title of "lead house parent," "relief house parent," or "direct care staff."

**B.     Expedited Discovery**

The Plaintiffs have requested expedited discovery. Specifically, Plaintiffs move the Court to order Defendants to produce a list containing the full names, last known addresses, last known email addresses, last known phone numbers, including cell phone numbers, and dates of employment of all employees who, from June 2, 2011 to present, performed work as a house parent, whether titled "lead house parent," "relief house parent," or "direct care staff." Plaintiffs assert that Defendants should be ordered to produce this information and suggest that the information should be provided within ten (10) days of the District Judge's Order on this Report and Recommendation.

Defendant objects to Plaintiffs' request that "last known email addresses" and "last known phone numbers (including cell phone numbers)" be produced to the Plaintiffs. Defendant argues that they should be required to provide only the proposed opt-in Plaintiffs' full name, last known mailing address, and dates of employment with Smoky Mountain Children's Home, from June 2, 2011 to the present.

The Court finds that expedited discovery is appropriate. The undersigned will recommend that the Defendants be ordered to produce the names, the last-known addresses, phone numbers, e-mail addresses[1], and the dates of employment of persons who worked for the Defendant from June 2, 2011 to the present. However, given the breadth of the information to be provided, the Court finds that the Defendant should be afforded twenty-one (21) days from entry of the District Judge's Order in which to provide the information.

---

[1] If an email address was provided to Defendants, they are expected to produce it. However, the Court is aware that some employees may not have provided this information.

The undersigned will recommend that the Defendants be ordered to produce the information stated above without Plaintiffs' being required to serve an interrogatory or request for production requesting its production. To the extent the Plaintiffs want to serve general discovery, Rule 26 of the Federal Rules of Civil Procedure permits them to serve such discovery upon the completion of a Rule 26(f) conference, and it appears that the parties' Rule 26(f) conference has not yet been conducted.

Accordingly, the undersigned will recommend that the request for expedited discovery be **GRANTED IN PART** and **DENIED IN PART** and that the Defendants be ordered to produce the names, the last-known addresses, phone numbers, and e-mail addresses of persons who worked for the Defendant from June 2, 2011 to present, performing work under the title of "lead house parent," "relief house parent," or "direct care staff." The undersigned will recommend that the Defendants be ordered to produce this information within **twenty-one (21) days** of the District Judge's Order ruling upon this Report and Recommendation.

## C.     Notice to the Potential Opt-In Plaintiffs

The Plaintiffs have proposed a proposed opt-in notice and form. [Doc. 18-4]. The Defendants have posed specific objections to the form and contents of these documents. The Court has considered the Plaintiffs' proposal and the Defendants' objections. Consistent with the Court's previous ruling, see Hardesty v. Litton's, Case No. 3:12-CV-60-TAV-HBG, Doc. 23, the Court finds and orders that:

1. The heading of the notice[2] shall be abbreviated and modified to state:

**NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN**

AUTHORIZED BY THE HONORABLE THOMAS A. VARLAN, UNITED STATES CHIEF DISTRICT JUDGE, FOR THE EASTERN DISTRICT OF TENNESSEE

RE: FAIR LABOR STANDARDS ACT LAWSUIT

TO: All current and former employees of Smoky Mountain Children's Home who at any time from June 2, 2011 to the present held the title of "lead house parent," "relief house parent," or "direct care staff."

DEFENDANT: Smoky Mountain Children's Home

## **INTRODUCTION**

. . . .

2. Both counsel for the Plaintiff and counsel for the Defendant shall be identified in the notice, and their contact information shall be provided therein.

3. Both the notice and the opt-in form shall be modified to state that potential opt-in plaintiffs must return their consent form to Plaintiffs' counsel within **sixty (60) days** of its mailing.

4. Plaintiffs' counsel shall include their fax number in their contact information.

5. The Plaintiffs shall delete the last paragraph under the Description of the Lawsuit and add the following statement: "The Defendant denies the Plaintiffs' allegations that it has violated the FLSA or failed to properly pay minimum wage or overtime, and denies that it is liable under any circumstance. The Defendant further denies that the proposed class

---

[2] See Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982) ("[I]f the question meant to be asked is whether the notice should go out on court letterhead over the signature of a court official, we think the answer is no.")

9

should remain certified such that all putative class members would be bound by the results of Mr. and Mrs. Waitman's claims."

Given the number of changes described herein, the undersigned will recommend that the Plaintiffs be ordered to file a blank copy of both the notice and opt-in form with the Court within **five (5) days** of the District Judge's Order on this Report and Recommendation.

## IV.   CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[3] that Plaintiffs' Motion for Conditional Certification, Expedited Discovery, and Court Authorized Notice **[Doc. 17]** be **GRANTED IN PART** and **DENIED IN PART**, and the undersigned **RECOMMENDS** that:

1. This case be conditionally certified as a collective action of current and former employees of Smoky Mountain Children's Home who at any time from June 2, 2011 to the present held the title of "lead house parent," "relief house parent," or "direct care staff."

2. The request for expedited discovery be **GRANTED IN PART and DENIED IN PART,** and Defendants be **ORDERED** to produce a list of the names, the last-known addresses, phone numbers, and e-mail addresses of persons who worked for the Defendants as "lead house parent," "relief house parent," or "direct care staff" from June 2, 2011 to the present, within **twenty-one (21) days** of entry of the Order ruling upon this Report and Recommendation.

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

3. The request for notice to the potential opt-in plaintiffs be **GRANTED IN PART** and **DENIED IN PART**.  The Plaintiff be **ORDERED** to modify the notice of suit and opt-in form in a manner consistent with the instructions above, and be **ORDERED** to file a blank copy of both the notice and the opt-in form with the Court within **five (5) days** of the District Judge's Order on this Report and Recommendation.

Respectfully Submitted,

_____
United States Magistrate Judge