UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LARRY WAITMAN and ROBIN WAITMAN, individually and on behalf of similarly situated employees, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:14-cv-234-TAV-HBG |
| SMOKY MOUNTAIN CHILDREN'S HOME, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Defendant's Motion for Sanction of Dismissal of Plaintiffs Lakeisha Childers, Ronald Childers, and Jeffrey Millsaps [Doc. 54], filed on May 20, 2016. By way of background, the Court entered an Order [Doc. 65], ordering these Plaintiffs to show cause why the Court should not recommend dismissal of their claims for failure to participate in both written discovery and in depositions. On June 24, 2016, the parties attended the show cause hearing. Attorneys Jesse Nelson and Kayla Towe were present on behalf of the Plaintiffs. Attorney Bradford Harvey appeared on behalf of the Defendant via telephone. Contrary to the Court's Order [Doc. 65], Plaintiffs Lakeisha Childers and Ronald Childers failed to attend the hearing.[1]

For the reasons more fully explained below, the Court recommends that the claims by Plaintiff Lakeisha Childers and Plaintiff Ronald Childers be dismissed.

---

[1] On June 22, 2016, the parties filed a Stipulation of Dismissal [Doc. 70] with respect to Plaintiff Jeffrey Millsaps.

## I. POSITIONS OF THE PARTIES

The Defendant requests that the Court dismiss Plaintiffs Lakeisha Childers and Ronald Childers (collectively, the "Childerses") for failing to participate in discovery and attend their depositions.[2] Specifically, the Defendant asserts that responses to its First Set of Interrogatories and Requests for Production were due on March 31, 2016. Defense counsel submits that he has been in contact with Plaintiffs' counsel regarding the inadequate responses, but after repeated attempts, Plaintiffs' counsel was not able to obtain sufficient information and documents from the Childerses. The Defendant also asserts that the Childerses failed to attend their noticed depositions.

The Plaintiffs filed a Response [Doc. 62] stating that the Childerses submitted discovery responses, but they were inadequate. The Response states that "[u]pon information and belief," the Childerses have experienced several family emergencies in the past few months but "have reaffirmed their commitment to pursing their FLSA rights."

The Defendant filed a Reply [Doc. 64] arguing that the Plaintiffs' Response does not question any of the undisputed facts as set forth in the Motion. The Defendant also states that the Plaintiffs' Response does not contest the case law cited in the Defendant's Motion.

## II. ANALYSIS

The Court has considered the parties' filings and the oral arguments presented at the hearing and recommends that the Childerses be dismissed from this action. At the hearing, the Defendant argued that Plaintiffs' counsel had attempted to contact the Childerses but was not successful. Plaintiffs' counsel stated that he was not prepared to defend against the Defendant's

---

[2] The Defendant's Motion also requests that the Court issue an award of reasonable expenses that Defendant incurred in preparing the instant Motion and in trying to obtain discovery responses. The Court denied [Doc. 65 ]this request based on the Defendant's failure to comply with the procedures for discovery disputes outlined in the Scheduling Order.

2

Motion because the Childeres have failed to participate and were not present at the hearing. In addition, Plaintiffs' counsel explained that he attempted to communicate with the Childerses, using the same means he has previously used, but he has not been successful. Specifically, Plaintiffs' counsel stated that he attempted to contact them by telephone, letter, and by email regarding the show cause Order. Plaintiffs' counsel submitted that the Childerses were aware of their obligations in this case because he had previously explained their obligations to them.

If a party fails to obey an order to provide or permit discovery, the court may issue just orders including an order of dismissal or an order awarding sanctions. See Fed. R. Civ. P. 37(b)(2)(a); see also Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995) ("[A] district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit."). In evaluating a request for dismissal, a court must consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013) (citing United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)).

The Court first finds that the Childerses' failure to participate in discovery was due to willfulness and fault. The Childerses failed to provide adequate responses to the Defendant's interrogatories and request for production. The Childerses' discovery responses are still deficient, despite their own counsel's request for additional information. Moreover, they failed to attend their noticed depositions. Although the Plaintiffs' Response states that the Childerses "have reaffirmed their commitment to pursuing their FLSA rights," the failure to attend the show cause hearing, or offer any explanation as to why they could not attend, shows otherwise.

Moreover, Plaintiffs' counsel has attempted to contact them by telephone, letter, and email, but the Childerses have simply not responded. The Court finds that the sustained pattern of non-participation, despite the attempts by opposing counsel, Plaintiffs' counsel and the Court, demonstrates that the failure to participate in discovery was due to willfulness and fault.

Next, the Court finds that the Defendant has been prejudiced by the Childerses' conduct because the trial in this case is in approximately four months and they have not provided to the Defendant adequate discovery responses and they have not been deposed. In addition, the Defendant has been forced to expend its resources attempting to get information that the Childerses should have provided as a matter of course under Rule 26 of the Federal Rules of Civil Procedure. The Court finds that the Defendant has been prejudiced by the Childerses' failure to provide discovery and to comply with the Court's Order to show cause.

Further, the Court finds that the Childerses were warned in clear and precise terms that the failure to cooperate could lead to dismissal. In its previous Order [Doc. 65], the Court ordered the Childerses to appear on June 24, 2016, to show cause "why the undersigned should not recommend dismissal of their claims for failure to participate in both written discovery and in depositions." The Court's Order is clear that the failure to cooperate could lead to dismissal.

Finally, the Court finds that less drastic sanctions were not imposed before dismissal was ordered, and thus, this factor does not weigh in favor of dismissal. However, the Court has considered the possibility of imposing lesser sanctions and finds that doing so would almost certainly be futile. See Markowski v. Allstate Prop. & Cas. Co., No. 3:07-CV-104, 2010 WL 1609612 (E.D. Tenn. Apr. 20, 2010) (noting that this factor is simply one of four factors to be considered and does not bar imposing appropriate sanctions). First, the Childerses have not finalized their discovery responses, despite their counsel's communications to do so. In addition,

they failed to attend their deposition. Finally, they failed to comply with this Court's Order to attend the show cause hearing and explain why their claims should not be dismissed. It appears to the Court that the Childerses have abandoned their claims, both through their failure to cooperate in discovery and through their failure to address the issues before the Court. A lesser sanction, such as a monetary fine, is not likely to motivate the Childerses to participate in this case or remedy their failure to participate in discovery, including depositions.

Based upon the foregoing, the Court finds that the Defendant's request for dismissal is well-taken. With respect to the Defendant's request for an award of reasonable expenses, the Court has already denied this request [Doc. 65].

## III.    CONCLUSION

Accordingly, the undersigned **RECOMMENDS**[3] that Defendant's Motion for Sanction of Dismissal of Plaintiffs Lakeisha Childers, Ronald Childers, and Jeffrey Millsaps [Doc. 54] be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that the claims by Plaintiffs Lakeisha Childers and Ronald Childers be **DISMISSED WITH PREJUDICE.** The parties have stipulated to the dismissal of Plaintiff Jeffrey Millsaps's claims [Doc. 70], and the Court has already denied the Defendant's request for reasonable expenses.

Respectfully Submitted,

Bruce Guyton

United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).